UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIROD LOANCO, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2363** |
| **REGINA B. HEISLER** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Girod LoanCo, LLC's ("Plaintiff") "Motion to Remand."[1] The pending motion was filed on April 12, 2019 and set for submission on May 8, 2019.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Defendant Regina B. Heisler ("Defendant") has not filed any opposition to the motion, timely or otherwise. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion and remand this matter to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## I. Background

On March 12, 2019, Plaintiff filed a "Verified Petition for Foreclosure by Executory Process" against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] In this litigation, Plaintiff seeks to have certain property seized and sold in satisfaction of multiple promissory notes given by Defendant in her individual capacity and her capacity as

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 12-3.

[3] Rec. Doc. 1-1.

[4] *Id.* at 1.

1

Succession Representative of the Succession of Frederick P. Heisler ("Heisler").[5]

On March 14, 2019, Defendant removed the action to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[6] In the notice of removal, Defendant alleged that Plaintiff is a citizen of Delaware, and that the amount in controversy exceeds $4,500,0000.[7]

On April 12, 2019, Plaintiffs filed the instant motion to remand.[8] The motion was set for submission on May 8, 2019.[9] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Defendant has not filed any opposition to the motion, timely or otherwise. On May 8, 2019, Defendant filed a "Motion for Leave to File Opposition to Motion to Remand (Doc 12) Out-of-Time and Re-Set Submission Date."[10] However, the motion was marked deficient by the Clerk of Court for failure to comply with this Court's Local Rules.[11] Defendant was given until May 15, 2019 to correct the deficiency.[12] On May 15, 2019, Defendant attempted to refile the a "Motion for Leave to File Opposition to Motion to Remand (Doc 12) Out-of-Time and Re-Set Submission Date."[13] However, the motion was again marked deficient by the Clerk of Court for failure to comply with this Court's Local Rules.[14]

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] Rec. Doc. 1.

[7] *Id.*

[8] Rec. Doc. 12.

[9] Rec. Doc. 12-3.

[10] Rec. Doc. 13.

[11] *See* Notice of Deficiency Issued May 8, 2019.

[12] *Id.*

[13] Rec. Doc. 14.

[14] *See* Notice of Deficiency Issued May 15, 2019

Defendant was given until May 22, 2019 to correct the deficiency.[15] However, Defendant failed to correct the deficiency. Therefore, Defendant has not properly filed a motion upon which the Court could act. Accordingly, Defendant has not filed any opposition to the Motion to Remand, and it is deemed unopposed.

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion, Plaintiff asserts that the case should be remanded because the Notice of Removal fails to allege proper grounds for federal jurisdiction, and that the parties are not diverse from each other, thus negating jurisdiction under 28 U.S.C. § 1332.[16] Plaintiff notes that the Notice of Removal fails to allege the citizenship of Defendant.[17] Moreover, Plaintiff asserts that the Notice of Removal does not properly allege the citizenship of Plaintiff, an LLC.[18]

Next, Plaintiff asserts that Defendant cannot cure the pleading deficiency with amendment because the parties are not diverse.[19] Plaintiff asserts that Defendant is a citizen of Louisiana.[20] Plaintiff presents a Declaration of Joshua Peck, its Vice President, to establish its citizenship.[21] Peck declares that Plaintiff is wholly owned by a LLC that is in turn owned by three other LLCs.[22] Peck states that a member of one of the three LLCs is a limited partnership formed under the laws of the State of Delaware, and one of the limited partners of the Delaware partnership is a LLC

---

[15] *Id.*

[16] Rec. Doc. 12-1 at 1.

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 5 (citing Rec. Doc. 12-2).

[22] *Id.* (citing Rec. Doc. 12-2).

3

formed under the laws of the State of Louisiana.[23] Furthermore, Peck declares that the members of the Louisiana LLC are inter vivos trusts formed under the Louisiana Trust Code and the settlors, trustees, and beneficiaries of the Louisiana trusts are individuals who are citizens of Louisiana.[24]

Because Plaintiff, as an LLC, takes the citizenship of its members, which include the citizenship of the Louisiana trust, Plaintiff contends that it is considered a citizen of Louisiana for diversity purposes.[25] Accordingly, Plaintiff contends that this matter must be remanded because Plaintiff and Defendant are both citizens of Louisiana.[26]

B.  *Defendant's Arguments in Opposition to the Motion to Remand*

As noted above, Defendant has not filed an opposition to the motion to remand, timely or otherwise.

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[27] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[28] Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[29] Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively*

---

[23] *Id.* (citing Rec. Doc. 12-2).

[24] *Id.* (citing Rec. Doc. 12-2).

[25] *Id.* at 6.

[26] *Id.*

[27] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[28] 28 U.S.C. § 1332(a)(1).

[29] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

4

alleged."[30] The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction."[31]

As the Fifth Circuit has recognized, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[32] The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members."[33] In *Americold Realty Trust v. Conagra Foods, Inc.*, the Supreme Court held that for diversity jurisdiction purposes a trust takes the citizenship of its members.[34]

### IV. Analysis

In the notice of removal, Defendant alleged that Plaintiff is a citizen of Delaware, and that the amount in controversy exceeds $4,500,0000.[35] In the motion to remand, Plaintiff argues that this case must be remanded because Plaintiff and Defendant are both citizens of Louisiana.[36]

Defendant did not assert her citizenship in the notice of removal, but the petition alleges that Defendant is "an individual of the full age of majority who is domiciled in Jefferson Parish, Louisiana."[37] As a natural person, Defendant's citizenship is determined by her domicile.[38]

---

[30] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[31] *Id.*

[32] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[33] *Harvey*, 542 F.3d at 1079-80.

[34] ––– U.S. –––, 136 S.Ct. 1012, 1015–16 (2016). *Americold* clarified the Supreme Court's prior holding in *Navarro Savings Association v. Lee*. 458 U.S. 458 (1980). *Navarro* held that the trust's citizenship is based on the citizenship of the trustee, without regard to beneficiaries, when the trustee has legal title, managed assets, and controlled the litigation. *Id.* at 465. *Americold* clarified that *Navarro* only applies when an individual trustee files suit in his or her own name. *Americold*, 136 S.Ct. at 1016. *Navarro* is not applicable here because the trustee has not filed suit in his or her own name.

[35] *Id.*

[36] Rec. Doc. 12.

[37] Rec. Doc. 1-1 at 2.

[38] *Preston*, 485 F.3d at 797.

Accordingly, Defendant is a citizen of Louisiana.

In the notice of removal, Defendant alleged that Plaintiff is a citizen of Delaware.[39] However, Defendant is an LLC, and the citizenship of an LLC "is determined by the citizenship of all its members."[40] Plaintiff presents a Declaration of Joshua Peck, its Vice President to establish its citizenship.[41] Peck declares that Plaintiff is a wholly owned by a LLC that is in turn owned by three other LLCs.[42] Peck states that a member of one of the three LLCs is a limited partnership formed under the laws of the State of Delaware, and one of the limited partners of the Delaware partnership is a LLC formed under the laws of the State of Louisiana.[43] Furthermore, Peck declares that the members of the Louisiana LLC are inter vivos trusts formed under the Louisiana Trust Code and the settlors, trustees, and beneficiaries of the Louisiana trusts are individuals who are citizens of Louisiana.[44] For diversity jurisdiction purposes a trust takes the citizenship of its members.[45] Therefore, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of Louisiana because the members of the LLC include a Louisiana trust whose beneficiaries and trustees are citizens of Louisiana. Accordingly, this matter must be remanded because the undisputed evidence in the record establishes that Plaintiff and Defendant are both citizens of Louisiana.

## V. Conclusion

For the reasons discussed above, this matter must be remanded because the undisputed

---

[39] *Id.*

[40] *Harvey*, 542 F.3d at 1079-80.

[41] Rec. Doc. 12-2 at 1.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Americold*, 136 S.Ct. at 1015–16.

evidence in the record establishes that Plaintiff and Defendant are both citizens of Louisiana. Therefore, the Court will remand the case to the 24th Judicial District Court for the Parish of Jefferson. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Girod LoanCo, LLC's "Motion to Remand"[46] is **GRANTED** and this matter is remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of June, 2019.

                                        *Nannette Jolivette Brown*
                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 12.